## The President &c. of the AMERICAN BANK *versus* MARK DOOLITTLE.

Where an insolvent debtor assigns his property to a trustee for the benefit of his creditors who shall execute the indenture of assignment and thereby release their demands, a creditor may execute it upon a condition precedent; which, if not performed, will render such execution inoperative.

Where a creditor executed the deed of assignment, on condition that the property assigned was not then attached by any valid trustee process, it was *held*, that a trustee process served upon the assignee as trustee, in which there was a misnomer as to his Christian name, was nevertheless a valid trustee process, and consequently that the signature of the creditor was inoperative.

In an action by the creditor who thus executed the deed of assignment, against a co-promisor of the debtor, it was *held*, that the officer's return in the trustee suit, which stated that the person named in the writ as trustee was not to be found, but made no mention of any service on the assignee as trustee, was not conclusive, and that parol evidence was admissible on the part of the creditor, to prove that the writ had been served on the assignee.

ASSUMPSIT upon two joint and several promissory notes, each for $ 5,000, signed by the defendant and by Joseph Strong and others, payable to the order of Joseph Strong, and by him indorsed to the plaintiffs.

The defendant pleaded, that after the notes were indorsed to the plaintiffs, Joseph Strong, by an indenture dated December 9, 1829, assigned his property to Edward Hooker, in trust to pay divers creditors successively, and then to pay such creditors as should become parties to the indenture within thirty days ; in consideration of which the other parties to the indenture released to Strong their respective claims and demands ; that the plaintiffs became a party on certain conditions, and that those conditions were performed.

It was agreed that the plaintiffs might put in issue the performance of the conditions, and that no objections should be taken to the form of the pleadings.

At the trial the defendant produced the indenture, to which, it was admitted, the seal of the American bank was affixed on the 14th of December, 1829, with the following words first written over the seal : — " The President, Directors and Company of the American bank, by their president duly authorized thereto, hereby become parties to the aforegoing assignment, upon the express condition only, of reserving to

American
Bank
*v.*
Doolittle.

the said corporation all collateral securities now held by them for the payment of the debts due, or to become due, to said corporation from said Joseph Strong ; and upon the further conditions, that the property herein above assigned be or shall come into the hands and possession of the said assignee for the purposes of the said assignment, and is not attached by any valid trustee process or other attachment, previous to the date of this signature, otherwise the said signature to be void and of no effect." Under the seal of the American bank was written as follows : — " The above reservations on the part of the American bank are expressly assented to by the undersigned, and made a part of the foregoing deed ; " and this was subscribed by William Whitney, one of the parties to the indenture, but not by any other of those parties.

The plaintiffs admitted that they had retained the collateral securities mentioned, but they insisted that the defendant was bound to show that all the assigned property came to the hands of Hooker the assignee, and that it was not attached, by trustee process or otherwise, at the time when the indenture was executed by the bank ; and that at least he was bound to show what property did come to the hands of the assignee.

Evidence was introduced on the part of the defendant, showing that certain personal property of Strong passed into the hands of Hooker.

The plaintiff called Simeon Dwight junior, a deputy sheriff, to prove that he had served a trustee process on Hooker, at taching the funds in his hands, previously to the 14th of December, 1829, at the suit of Jonathan Dwight against Strong and his trustee.

The defendant produced an attested copy of the writ and an exemplification of the record in that suit, and objected to any parol testimony respecting a service on Hooker, on the ground that the officer's return was conclusive and could not be thus inquired into. The plaintiff also produced an attested copy of the writ, showing an alteration of the original return.

The evidence being ruled in, the officer testified, that Mr. Doolittle, as the attorney of Jonathan Dwight, had put into his hands the writ against Joseph Strong as principal, and Edward I. Hooker, of South Hadley, as his trustee. The

witness understood it to be intended for Edward Hooker the assignee, and served it by leaving a copy at his house. In copying it he first observed that the name was written Edward T. Hooker or Edward I. Hooker, he could not tell which. He supposed it was wrong, but he copied the writ, and left the copy on the 12th of December, 1829. A few days afterwards he handed the writ to Mr. Doolittle, with his return written upon it, setting forth the service on Edward Hooker. Some time after, Mr. Doolittle handed the writ to him again, and said he did not want any return on Edward Hooker. The witness then proposed to erase the return of service on Edward Hooker, and return *non est inventus* as to Edward I. Hooker. Mr. Doolittle made no objection, and the witness altered the return accordingly. There was no such person as Edward I. Hooker in South Hadley, nor any other Edward Hooker than the assignee.

A nonsuit was ordered, subject to the opinion of the Court upon the questions of law arising in the case.

*F. Dexter* and *W. H. Gardiner*, for the plaintiffs, contended that the conditions upon which they signed the indenture, were conditions precedent, and that the burden was upon the defendant to show that they had been performed. *Gardiner* v. *Corson*, 15 Mass. R. 500 ; 1 Chit. Pl. (1st edit.) 312, 319 ; *Worsley* v. *Wood*, 6 T. R. 719 ; *Davis* v. *Nichols*, 2 Chit. Rep. 320. But it appears, that at the time when the indenture was signed by the plaintiffs, a valid attachment by a trustee process subsisted. Parol evidence was admissible to show a service on Hooker the assignee, the return of the officer being only *primâ facie* evidence in regard to strangers. *Gyfford* v. *Woodgate*, 2 Campb. 117 ; *S. C.* 11 East, 296 ; *Cator* v. *Stokes*, 1 Maule & Selw. 600 ; Phil. Ev. (2d edit.) 294 ; 19 Vin. Abr. *Return*, O, pl. 15, 25, 26. The misnomer did not render the process invalid ; it was pleadable only in abatement. *Jewett* v. *Burroughs*, 15 Mass. R. 469 ; *Smith* v. *Bowker*, 1 Mass. R. 76 ; *Gilbert* v. *Nantucket Bank*, 5 Mass. R. 97 ; *Franklin* v. *Talmadge*, 5 Johns. R. 84.

The conditions affixed to the plaintiffs' signature required the express assent of all the other parties to the instrument, but as no one except Whitney gave his assent, the signature was of no effect.

*April 3d.*

11 *

*C. G. Loring*, for the defendant, argued that the conditions on which the plaintiffs executed the indenture, were repugnant to the provisions in the instrument itself, and were therefore to be rejected as inoperative and void. *Bradley v Peixoto*, 3 Ves. 324 ; Bac. Abr. *Condition, L.* He also insisted that they were conditions of defeasance, and not conditions precedent. 2 Stark. Ev. 91, note ; 1 Wms's Saund. 320, note 4. But in point of fact, the defendant did prove a performance. The return on the trustee writ shows that it was not served upon the assignee, and parol evidence of a service is not admissible. *Bean v. Parker*, 17 Mass. R. 591 ; *Whitaker v. Sumner*, 7 Pick. 555. The return is conclusive as between the creditor and the debtor and all persons claiming under either of them. Now here the plaintiffs claim under Hooker and under Strong, and Hooker's right to retain the property depended on that return. By a " valid " attachment was meant one which would deprive the assignee of the property ; but Hooker was not even called into court to answer as trustee. If Hooker had appeared, he might and would have pleaded the misnomer in abatement, and this would have avoided the process from the beginning. *Commonwealth v. Perkins*, 1 Pick. 388 ; *Commonwealth v. Hall*, 3 Pick. 262. Further, it appears that other creditors had signed the indenture before the supposed service on the assignee, whose demands would have absorbed all the personal property in his hands ; so that in this point of view there was no valid attachment.

June 27th. It was observed by the *Court*, that where a note is made jointly and severally by several promisors, payable to the order of one of their own number, and is by him indorsed and negotiated, it is to be deemed a joint and several debt due to the holder from the promisors, in the same manner as if the payee had not been one of them ; that a release of one of several joint, or joint and several debtors, is a release of all ; that the plaintiffs had a right to become parties, upon a condition precedent, and if that condition was of such a nature that it would render the instrument inoperative without the consent of the other parties, then, until such assent given, expressly or by implication, the instrument, as the act of the

plaintiffs, would be inoperative, or the operation of it suspended ; that the condition, that the property had not been attached by any valid attachment (whatever might be the case with the other conditions) was a condition precedent, and if, at the time when the deed was executed by the plaintiffs, the property had been attached and was then under a valid attachment, it avoided the deed, or rather the deed never took effect ; that it was questionable whether a release could be executed upon a condition subsequent, for if the debt is once released, it would seem to be gone forever ; that the instrument reciting that the property had been assigned to Hooker, the presumption was that some portion of it was of a nature to be charged by a trustee process ; that the attachment was made on the 12th of December and subsisted on the 14th, and the fact that it was afterwards discharged, either by the non-return of the writ, or by an entry that neither party appeared, was immaterial ; that the return of the officer was *primâ facie* evidence and not conclusive, and it was competent for the plaintiffs, not being party nor privy to the trustee suit, to show, that in fact an attachment was made and was subsisting at the time when the plaintiffs executed the indenture, though the return of it was afterwards suppressed, by order of the plaintiff in the trustee suit, who alone could control it ; that the misnomer of the trustee did not render the attachment void, but the assignee, having funds, might have been held under the service and return, though named " Edward I. Hooker " ; that if he had appeared, the process would have been amendable, and if he had not appeared, he might have been charged upon a *scire facias* setting forth the facts.

*Nonsuit set aside and new trial granted.*